IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHO H., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:21-cv-00706-K-BT | |
| § | | |
| KILOLO KIJAKAZI, § | | |
| ACTING COMMISSIONER OF § | | |
| SOCIAL SECURITY, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Micho H.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 4). For the reasons explained below, the undersigned RECOMMENDS that the Court REVERSE the decision and REMAND the case to the Commissioner.

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

## Background

Plaintiff alleges that she is disabled due to lower-back injuries, post-surgical pain in the leg, anxiety disorder, and major depressive disorder. *See* Pl.'s Br. 6-11 (ECF No. 18); Admin. R. 44, 261 (ECF No. 16-1). She was born in 1970 and was 46 years old at her alleged disability onset. *See* Admin. R. 242. Plaintiff has a high school education and has past work experience as a floor manager. *Id.* at 90, 263.

On April 3, 2018, Plaintiff applied for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI). *Id.* at 242-47. In her application, Plaintiff alleged disability beginning November 14, 2016. *Id.* After the Commissioner denied Plaintiff's application initially, *id.* at 163, and upon reconsideration, *id.* at 172, an administrative law judge (ALJ) held a hearing to determine Plaintiff's disability status. *Id.* at 64. The hearing took place in Dallas, Texas, on January 30, 2020. *Id.*

The ALJ subsequently issued a decision finding that Plaintiff is not disabled and is thus not entitled to DIB or SSI. *Id.* at 38. In his decision, the ALJ went through the legally required five-step analysis "to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

Under step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 14, 2016, the alleged onset date. Admin. R. 44. At steps two and three, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar, major depressive disorder, and anxiety disorder. *Id.* But the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 44-45. At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to lift and carry ten pounds occasionally and less than 10 pounds frequently; stand and walk for two hours in an eight-hour workday, and sit for six hours in an eight-hour workday; occasionally climb, balance, stoop, kneel, crouch, and crawl; understand, remember, and carry out simple tasks and instructions; and adapt to changes and respond to customary work pressures in a routine work environment. *Id.* at 45. At step five, relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff could not perform her past relevant work but could perform other work that exists in significant numbers in the national economy, including the jobs of order clerk, addresser, and table worker. *Id.* at 50-51.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 6-9. The Council denied review. *Id.* at 6. Plaintiff then filed this action in federal district court, in which she contends the ALJ erred in finding her not disabled. Specifically, Plaintiff argues that the ALJ lacked the proper constitutional authority to render a decision on her disability claim, that the Appeals Council failed to evaluate newly

submitted material evidence at the agency appellate stage, and that the ALJ failed to apply the correct standard regarding the consistency of Plaintiff's reported symptoms with the medical and other evidence of record. Pl.'s Br. 5.

## Legal Standard

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (internal quotation marks and citations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (internal quotation marks and citation omitted))).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support his decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

Among Plaintiff's arguments is a single ground that compels remand—that the Appeals Council failed to properly consider new medical opinion evidence from Plaintiff's treating physician, Dr. Robert Deuell, and an evaluating mental-health professional, Dr. John W. Beaty.

The ALJ issued his written decision on March 30, 2020, finding that Plaintiff was "not under a disability" at any point between November 14, 2016, and the date of the decision. Admin. R. 51. On September 21, 2020, Dr. Deuell completed an RFC questionnaire opining on the extent of Plaintiff's limitations. *Id.* at 14-18. According to Dr. Deuell, Plaintiff's physical impairments are likely to require Plaintiff to miss at least ten days of work per month and would require Plaintiff to have more than five hours of rest—requiring her to physically lie down—within a typical eight-hour workday. *Id.* Dr. Deuell's opinions thus contradict the ALJ's RFC, which states that Plaintiff can stand and walk for two hours and sit for six hours in an eight-hour workday and contains no limitation regarding the number of workdays Plaintiff is likely to miss in a typical month.

Similarly, on September 2, 2020, Dr. Beaty conducted a psychological evaluation of Plaintiff and drafted a report detailing his findings. *Id.* at 19. Dr. Beaty noted that Plaintiff suffers from major depressive disorder, somatic symptom disorder, a specific phobia of medical care, tobacco use disorder, and dependent personality disorder. *Id.* at 25. Dr. Beaty's opinion thus conflicts with the ALJ's finding of severe mental impairments, which only included major

depressive disorder and anxiety disorder. *Id.* at 44. Additionally, Dr. Beaty opined that Plaintiff "is currently unable to sustain any form of work or to interact with co-workers or supervisors." *Id.* at 26. Therefore, Dr. Beaty's opinion also conflicts with the ALJ's RFC determination, which contained no limitation on Plaintiff's ability to interact with others, and with the ALJ's contention that Plaintiff could perform work in the national economy. *Id.* at 45, 50.

Plaintiff submitted Dr. Deuell's RFC questionnaire and Dr. Beaty's report to the Appeals Council on October 2, 2020. *Id.* at 361. In denying Plaintiff's request for review, the Appeals Council stated "[t]his additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before March 30, 2020." *Id.* at 7. The Appeals Council advised Plaintiff that "[i]f you want us to consider whether you were disabled after March 30, 2020, you need to apply again." *Id.* Plaintiff contends the Appeals Council erred in failing to consider the additional medical opinions or reconcile those opinions with the ALJ's decision. Plaintiff further argues that the new evidence dilutes the record to such an extent that remand is required.

When a claimant submits new and material evidence that relates to the period before the date of the ALJ's decision, the Appeals Council must consider the evidence in deciding whether to grant a request for review. 20 C.F.R. § 404.970(b). Newly submitted evidence is material only if (1) it relates to the period for which the disability benefits were denied; and (2) there is a reasonable possibility that it would have changed the outcome of the disability determination. *Latham v.*

6

*Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *see also King v. Colvin*, 2013 WL 6162965, at *3 (N.D. Tex. Nov. 22, 2013) (Horan, J.) (observing that while numerous cases erroneously use the term "reasonable probability," the materiality standard is one of reasonable "possibility" rather than "probability"). Only evidence which relates to the period for which benefits were denied can be material. *Thomas v. Colvin*, 587 F. App'x 162, 165 (5th Cir. 2014) (per curiam). Evidence of a later-acquired disability or of the subsequent deterioration of a previously nondisabling condition is not material. *Id.*

New evidence submitted to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based. *Higginbotham v. Barnhart*, 163 F. App'x 279, 337 (5th Cir. 2006). The district court must examine all the evidence, including the new evidence, to determine whether the Commissioner's final decision to deny a claim is supported by substantial evidence. *Sun v. Colvin*, 793 F.3d 502, 510 (5th Cir. 2015). The court should remand the case only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes unsupported. *Higginbotham*, 405 F.3d at 281-82. However, "[a]though '[t]he regulations do not require the [Appeals Council] to provide a discussion of the newly submitted evidence or give reasons for denying review,' in some instances remand [is] necessary if it is unclear whether the [Appeals Council] evaluated the new evidence" at all. *Nejmeh v. Colvin*, 2016 WL 642518, at *2 (N.D. Tex. Feb. 18, 2016) (Means, J.) (citing *Sun*, 793 F.3d at 512).

The Commissioner disputes that remand is required and argues the medical opinions were not material because they post-date the ALJ's decision and the relevant period for Plaintiff's disability claim. Def.'s Br. 22-23 (ECF No. 19). However, the date that Drs. Deuell and Beaty compiled their respective opinions is not determinative, by itself, of materiality. The phrase "relates to," as used in the Social Security regulations, is purposefully broad and not restricted merely to records or reports dated on or before the ALJ's decision. *See Johnson v. Berryhill*, 2017 WL 2964882, at *6 (N.D. Tex. June 26, 2017) (Frost, J.), *rec. adopted*, 2017 WL 2954914 (N.D. Tex. July 11, 2017).

Based on a careful review of Dr. Deuell's RFC questionnaire and Dr. Beaty's report, in view of the record as a whole, it is plain that these medical opinions relate to the period between November 14, 2016, Plaintiff's alleged onset date, and March 30, 2020, the date of the ALJ's written decision. Critically, in their respective reports, Dr. Deuell and Dr. Beaty both assert that Plaintiff has suffered from the identified limitations since at least since November 14, 2016, her alleged onset date. *See* Admin. R. 15, 18, 28, 32 (answering "yes" to the question "can you reasonably infer that [Plaintiff's] condition existed and persisted with the limitations described above *at least since November 14, 2016*?") (emphasis added). Both opinions also pertain to the same impairments that Plaintiff claimed were disabling prior to the ALJ's decision. Moreover, there is no indication in the record that either expert's opinions were the result of any sudden change in Plaintiff's condition or that an intervening event worsened her condition. Courts

may reasonably infer that a medical report relates to the proper period when "there is no indication that plaintiff's condition deteriorated during the intervening period." *Johnson*, 2017 WL 2964882, at *7 (quoting *Bailey v. Astrue*, 2010 WL 452122, at *4 (W.D. La. Feb. 8, 2010)). Accordingly, the expert opinions are material because they relate to the period for which disability benefits were denied.

Dr. Deuell's answers to the Questionnaire are especially significant because they represent the opinion of a treating physician that details Plaintiff's work-related abilities. *See Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003). And both expert opinions directly conflict with the ALJ's RFC assessment. Given the significance of these opinions on matters directly related to the ALJ's denial of benefits, the evidence provides a reasonable possibility that it would have changed the Commissioner's decision. This evidence is thus material in that there is a "'reasonable possibility that it would have changed the outcome of the [Commissioner's] determination.'" *Latham*, 36 F.3d at 483 (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)).

And ultimately, despite the significance of these new medical opinions, "no fact finder has attempted to reconcile" them with the ALJ's findings. *See Nejmeh*, 2016 WL 642518, at *3. The Court may not evaluate Dr. Deuell's and Dr. Beaty's assessments, or determine the weight their opinions should be afforded, in the first instance. Those matters lie exclusively with the Commissioner. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[T]he reviewing court . . . must judge the propriety of [administrative] action solely by the grounds invoked by the agency.

9

If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."). Moreover, as noted above, while the Appeals Council does not need to provide a discussion of new evidence, "in some instances remand [may] be necessary if it is unclear whether the [Appeals Council] evaluated the new evidence." *Nejmeh*, 2016 WL 642518, at *2 (citing *Sun*, 793 F.3d at 512). This is such an instance. Because the Appeals Council did not discuss the new evidence, other than by listing the opinions in an exhibit, it is not clear to the Court whether the Appeals Council evaluated the conflicts discussed. After considering the entire record, the Court is not able to conclude that substantial evidence supports the final decision of the Commissioner. Although it may ultimately be determined after remand that the decision was correct, the new medical opinions are significant and cast doubt on the denial of Plaintiff's benefits. Therefore, this case should be remanded for further administrative review. *See id.* at *3. (declining to accept magistrate judge's recommendation to affirm final decision of Commissioner where the district court was unable to determine whether the appeals council evaluated the new evidence).

Finally, Plaintiff also argues the ALJ lacked constitutional authority to adjudicate his claim, and that the ALJ failed to properly consider all the medical opinion evidence. *See generally* Pl.'s Brief 17-20, 27-34. The Court pretermits consideration of these arguments because the Court finds the ALJ's determination

10

that Plaintiff can perform other work substantially present in the national economy is not supported by substantial evidence.

## Recommendation

Because substantial evidence does not support the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, the Court should REVERSE the hearing decision and REMAND the case to the Commissioner of Social Security for further proceedings consistent with this opinion.

**SO RECOMMENDED.**

**SIGNED ON** May 12, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).